UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. 5:19-206-KKC-1 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| ROBERT MCCUNE, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant Robert McCune's ("McCune") motion for a bill of particulars, motion to dismiss the superseding indictment, and motion for change of venue. (DE 216, 217 & 218). On December 6, 2019, a grand jury indicted Defendant Robert McCune on one count of conspiracy to commit wire fraud and healthcare fraud, nine counts of aiding and abetting wire fraud, and nine counts of aiding and abetting health care fraud. (DE 1). McCune intended to plead guilty to these charges. (*See* DE 149, 150). On July 23, 2020, the grand jury returned a superseding indictment, which added additional counts of aiding and abetting wire fraud, three counts of aiding and abetting health care fraud, and three counts of aiding and abetting aggravated identity theft. (DE 156). McCune withdrew his motion for rearraignment and entered a plea of not guilty to these charges. DE 167.

A trial is scheduled to begin on October 5, 2020. (DE 167). McCune now moves for a bill of a particulars for Counts 22, 23, and 24 of the superseding indictment and for dismissal of those counts on grounds of vindictive prosecution. (DE 216 & 217). He also moves for change of venue. (DE 218). For the reasons below, the motions will be **denied**.

1

## I.   Motion for a Bill of Particulars

The superseding indictment added new defendants and removed those defendants that had already pleaded guilty. (*See* DE 156). The indictment also brought new charges against McCune, including three counts of aiding and abetting aggravated identity theft. (DE 133). McCune moves for a bill of particulars on these counts. (DE 216).

The purpose of a bill of particulars is to assist the defendant in obtaining the information needed to prepare a defense, minimize and avoid surprise, and preclude later prosecution on double jeopardy grounds. *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). It is not to be used to obtain evidentiary detail, to allow the defendant to preview the government's case, or to expose the government's legal theories. *Id.* In ruling on such a motion, "the test … is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). It is not intended to, and cannot, be used as a device to circumvent the restrictions otherwise imposed by federal law upon the scope of pretrial discovery. *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1975).

McCune argues that he is entitled to a bill of particulars because not all of the victims' names are sufficiently described in the indictment. In other words, some names have been specifically included in the indictment (*e.g.*, Corell Buckhalter, Etrick Pruitt, and James Butler), while others have only been described by their initials (*e.g.*, M.S., G.M., and B.M).

In response, the United States contends that it has "voluntarily provided McCune with the information he seeks … (and more) …" (DE 226 at 1). In addition to "detailed discovery logs" [which include] … the bates range of certain interview reports associated with these individuals." The government contends that it "has [also] voluntarily provided McCune

2

with the *names* of these individuals." (*Id.* at 5-6) (emphasis added). Therefore, because the government has provided McCune with the information he seeks with this motion, the Court will deny the motion as moot.

## II. Motion for Change of Venue

McCune also moves to change the venue of the trial to the Northern District of Georgia. (DE 218). He makes this request pursuant to Federal Rule of Criminal Procedure 21(a) which provides that the Court must transfer a matter if it finds that "so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." FED. R. CRIM. P. 21(a) He also cites Rule 21(b) which allows the Court discretion—"[u]pon the defendant's motion"— to consider whether transfer is appropriate for any victim, party, and witness-convenience, "and in the interest of justice." FED. R. CRIM. P. 21(b).

McCune makes two arguments for why the District of Georgia would be a more appropriate forum to try this case. First, he relies on the "substantial contacts" test articulated by the Second Circuit in *United States v. Reed*, 773 F.2d 477 (2d Cir. 1985)[1], and adopted by the Sixth Circuit in *United States v. Williams*, 788 F.2d 1213, 1215. However, McCune's co-defendant, Clinton Portis, previously moved for transfer of venue, relying on the same substantial-contacts-analysis that McCune relies on now. (*See* DE 112). For the same

---

[1] The *Reed* court held that the –

> test to determine constitutional venue… is best described as a substantial contacts rule that takes into account a number of factors – the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact finding…

*United v. Reed*, 773 F.2d at 477, 481 (2d Cir. 1985).

3

reasons that transfer was not appropriate then (DE 133), the Court rejects the notion that transfer is appropriate now.

Second, McCune argues that he cannot receive a fair and impartial trial in Lexington given the "intense" sports rivalry between the University of Kentucky and the University of Louisville. ("The intensity of the UK/UofL rivalry is beyond anything in the United States. … The number of fans in Lexington who are willing to violate the law based on a sports rivalry is extraordinary."). (DE 218 at 9-10). In the alternative, McCune requests that the Court "reserve a ruling on this motion until voir dire so that it can be determined whether irrational prejudice from a sports rivalry between UK and UofL will prevent McCune from receiving a fair and impartial trial." (*Id.* at 13). To the extent McCune requests that the Court transfer venue prior to voir dire, the motion will be denied. The court cannot make a finding of actual prejudice until after conducting voir dire. *See Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007 ("The primary tool for discerning actual prejudice is a searching voir dire of prospective jurors."). McCune may reassert this motion *after* voir dire, to the extent he still finds it appropriate.

Lastly, to the extent McCune argues that he will be prejudiced by the *intense* sports rivalry, the motion is denied. If, in fact, voir dire reveals that some jurors cannot act impartial based on an unforgiving team loyalty, McCune can move to strike those particular jurors prior to trial. The motion to transfer venue on this basis is denied.

### III.   Motion to Dismiss Counts 22, 23, & 24 of the Superseding Indictment

Lastly, McCune has moved to dismiss Counts 22, 23, and 24 of the superseding indictment— for aiding and abetting aggravated identity theft— on grounds of vindictive prosecution. (DE 217). To establish a prima facie case of vindictive prosecution, a defendant must allege facts showing "(1) an exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; and (4) the intent to

punish the defendant for exercise of the protected right." *United States v. Meda*, 812 F.3d 502, 510 (6th Cir. 2015) (citation omitted). McCune fails to make a prima-facie showing.

It is well established that the addition of new charges to deter a defendant from going to trial is an insufficient basis for a vindictive prosecution claim. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978); *U.S. v. Goodwin*, 457 U.S. 380 (1982); *U.S. v. Walls*, 293 F.3d 959, 970 (6th Cir. 2002). And notably, McCune does not move to dismiss the other, additional counts. This is not a product of vindictive prosecution, but a mere product of the plea-bargaining process. The motion to dismiss Counts 22-24 of the superseding indictment is denied.

### IV.  Conclusion

For all these reasons, the Court hereby ORDERS that Defendant Robert McCune's motions (DE 216, 217 & 218) are DENIED.

Dated this 22nd day of September, 2020.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY