**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 5:19-CR-206-KKC-EBA-1** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **ROBERT MCCUNE,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Robert McCune's motion for early termination of supervised release. (R. 765.)

## I. BACKGROUND

On August 24, 2021, McCune pled guilty to several counts of wire fraud and healthcare fraud, as well as one count of conspiracy to commit health care fraud and wire fraud. (R. 426.) The Court sentenced McCune to 60 months imprisonment and three years of supervised release. (R. 593.) McCune filed a motion to reduce his sentence (R. 737), but withdrew the motion before the Court ruled on it. (R. 747.)

McCune began serving his term of supervised release on August 30, 2024. His discharge date is scheduled for August 29, 2027. On March 9, 2026, McCune filed a motion for early termination of supervised release. (R. 765.) The Government responded in opposition. (R. 767.) The United States Probation Office does not oppose the request.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e)(1), the sentencing court may consider termination of a period of supervised release any time after the expiration of one year of supervised release. The court may do so only after considering certain sentencing factors set forth at 18 U.S.C. § 3553(a), and only if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* Some § 3553(a) factors may be more relevant than others, and the law does not require district courts to provide "ritualistic one-by-one incantation of each factor." *United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016). The district court need only "set forth enough to satisfy" the court of appeals that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020) (citations omitted).

The relevant sentencing factors at § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

McCune asks the court to terminate his supervised release because, among other reasons, he has complied with the terms of his supervised release, he has exceeded his required hours of community service, he has paid the majority of his restitution and "remain[s] committed to paying the remaining balance," his Parkinson's Disease diagnosis requires ongoing specialized care, his family obligations require travel, and the primary purposes of supervision have been served. (R. 765.)

After careful consideration of the applicable § 3553(a) factors, the Court concludes that this case warrants early termination of supervised release. Although the nature and circumstances of the underlying offenses are undoubtedly serious, the remaining factors weigh in his favor.

The need to afford adequate deterrence was satisfied when McCune plead guilty and was sentenced to a term of imprisonment. Since his release, McCune has complied with the conditions of supervision and has demonstrated meaningful personal growth, indicating that he is not a danger to the public and is unlikely to reoffend. Continued supervision does not appear necessary to provide McCune with educational or vocational training, medical care, or other corrective treatment. Additionally, there are no pertinent policy statements that weigh against early termination.

Finally, McCune was ordered to pay $186,000.00 in restitution. While the need to provide full restitution remains, both parties acknowledge that McCune has already paid $167,101.38, a significant portion of his restitution judgment.

Considering the § 3553(a) factors as a whole, McCune's conduct and the interests of justice warrant his early termination of supervised release. McCune has demonstrated exemplary conduct. He has consistently reported as directed, maintained stable housing, and otherwise complied with the terms of his supervised release. He has also reestablished his relationship with his daughters and extended family, and has continued to volunteer long after meeting his community service hour-requirement. In light of his sustained compliance and rehabilitation, the interests of justice support early termination of his supervised release.

### III. CONCLUSION

After considering the relevant 18 U.S.C. § 3553(a) factors and the interest of justice, the Court hereby **ORDERS** that the McCune's motion for early termination of supervised release (R. 765) is **GRANTED**.

This 8th day of July, 2026.

Signed By:

*Karen K. Caldwell*

**United States District Judge**